IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTON RUTH,<br><br>Petitioner,<br><br>v.<br><br>JOHN VARGA, Warden, Dixon Correctional Center,<br><br>Defendant. | Case No. 19-cv-01663<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Anton Ruth, an Illinois prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. The petition is denied, and a certificate of appealability will not issue.

**Background**

On July 8, 2010, Anton Ruth pled guilty to one count of aggravated criminal sexual assault and bodily harm. Dkt. 1. Ruth was sentenced to nine years of imprisonment. *Id.* While the sentencing judgement did not specify a mandatory supervised release (MSR) term, under 730 ILCS 5/5-8-1(d)(4), Ruth was required to serve an indeterminate MSR term of three years to life after his release. Dkt. 15-1. With a pre-sentence custody credit, Ruth was projected to be released on MSR on November 19, 2016, contingent on his securing a suitable host site. *Id.* Ruth has been unable to secure a host site and so remains in custody to this day. *Id.*

On August 23, 2017, Ruth filed a postconviction petition alleging that Illinois's Class X recidivist sentencing provision, *see* 730 ILC 5/5-5-3(c)(8), should not apply to

1

him and that his plea counsel provided ineffective assistance. Dkt. 16-1 at 1. Ruth withdrew this petition on January 22, 2018. Dkt 16-2 at 7.

In March 2018, Ruth filed a mandamus complaint in Illinois circuit court. Dkt. 16-3 at 1. Ruth sought (1) an order compelling the Prisoner Review Board (PRB) to "determine the length of his MSR term to be served," and (2) "immediate release to begin serving his MSR." *Id.* The circuit court denied the complaint on August 14, 2018, and Ruth did not appeal. Dkt. 16-2 at 4; Dkt. 1-4.

In February 2019, he filed a petition for relief from judgement in the circuit court alleging that the MSR statute is unconstitutional because it violates separation of powers principles. 735 ILCS 5/2-1401, Dkt. 16-2 at 9. The circuit court denied the petition on August 22, 2019, holding that, under *People v. Rinehard,* 962 N.E.2d 444 (Ill. 2012), Ruth was subject to the three-years-to-life MSR term, and that the PRB had the discretion "to hear, set, and decide the conditions of MSR in regards to sex offenders." Dkt. 16-4.

On March 8, 2019, Ruth filed the present habeas corpus petition alleging, *for the first time,* that his indeterminate MSR term was imposed in violation of state law and constituted an ex post facto punishment.

## Discussion

### I.  Timeliness of Habeas Petition

Habeas corpus petitions are subject to a one-year limitation period. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of: (A) the date on which the judgment of conviction becomes final; (B) the date on which the impediment to

2

making a motion was created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (C) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *United States ex rel. Harper v. Montgomery,* 690 F. Supp. 2d 708, 709 (N.D. Ill. 2010); 28 U.S.C. § 2244(d)(1).

Under any of these standards, Ruth is time-barred from seeking habeas relief. Ruth's conviction became final on August 7, 2010, triggering the one-year limitation period based on the date of conviction. Ruth filed the instant petition in 2019, nine years later. He is thus barred under 28 U.S.C. § 2244(d)(1)(A). § 2244(d)(1)(B) restarts the clock on the date which the State created the impediment to filing an application. No facts in the present case, however, point to the State creating any such impediment. Similarly, there is no newly recognized right upon which Ruth's claim rests, so § 2244(d)(1)(C) does not apply. And there are no new facts in issue, so § 2244(d)(1)(D) is not applicable. As a result, Ruth's petition must be dismissed as untimely.

## II.     Procedurally Defaulted Claims

Ruth's habeas petition is also procedurally defaulted. Per 28 U.S. § 2254 (b)(1), "an application for a writ of habeas corpus on behalf of a person in custody . . . shall not be granted unless it appears that the applicant has exhausted the remedies

available in the courts of the State." Before petitioning the federal court, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Weaver v. Nicholson,* 892 F.3d 878, 886 (7th Cir. 2018) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)). A habeas claim that was not exhausted in state court will only be granted if it demonstrates a "fundamental miscarriage of justice." *Id.* at 843. This is an exceedingly high standard. "It applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted." *McDowell v. Lemke,* 737 F. 3rd 476, 483 (7th Cir. 2013).

Ruth raises his *ex post facto* theory for the first time in his petition to this Court. And while his pro se filings are not entirely clear, he does not make a claim of actual innocence. As a result, his petition is procedurally defaulted. Ruth's habeas petition is both untimely and procedurally defaulted, and so it must be denied.

### III. A Certificate of Appealability Is Not Warranted

When a district court enters a judgement on a habeas petition, it must also deny or grant a certificate of appealability. 28 U.S.C. § 2253(c). Such a certificate will only be issued if the applicant has made a "substantial showing of denial of constitutional right." *Id.* Or, as the Supreme Court puts it, "[w]here a district court has rejected the constitutional claims on the merits…[t]he petitioner must demonstrate the reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In this case,

4

Ruth's petition is indisputably untimely and procedurally defaulted. A certificate of appealability is not granted.

## Conclusion

For the stated reasons, Ruth's petition for a write of habeas corpus is denied, and a certificate of appealability will not issue. Civil case terminated.

E N T E R:

Dated: February 12, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge